IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOHN VAN STRY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:19-CV-104-WCB |
| | § | |
| TRAVIS ROBERT McCREA, | § | |
| | § | |
| *Defendant*. | § | |

**ORDER**

Before the Court is a <u>Motion for Default Judgment Against Defendant Travis Robert McCrea</u> filed by plaintiff John Van Stry on June 13, 2019. Dkt. No. 11. The motion follows the clerk's entry of a default on May 29, 2019. Dkt. No. 9. Mr. McCrea, who was properly served in person with the complaint in this action on April 26, 2019, Dkt. No. 7-1, has not filed a timely answer to the complaint, which was due on May 17, 2019, nor has he timely responded to the motion for a default judgment under the local rules of this court, which allow 14 days for a party to respond to an opposing party's motion. Given that Mr. McCrea has chosen not to participate in this proceeding to date, the Court will now address, without his assistance, the issues that bear on whether the Court can enter a default judgment in this case and, if the Court were to enter a default judgment, what form that judgment should take. For the reasons explained below, final resolution of the questions bearing on the issuance of a default judgment will await further input from the parties, including Mr. McCrea, if he chooses to participate.

**1. Entry of an Appearance**

As a preliminary matter, the Court must determine whether Mr. McCrea has entered an appearance in this case. The question whether an assertedly defaulting party has entered an

appearance matters because it may affect the proceedings in this case in several respects. First, the question whether the assertedly defaulting party has appeared in a case affects whether the defaulting party is entitled to advance notice of any hearing held on the requested default. *See* Fed. R. Civ. P. 55(b)(2) ("If the party against whom a default judgment is sought has appeared personally or through a representative, that party or its representative must be served with written notice of the application [for a default judgment] at least 7 days before the hearing [on the motion for a judgment]."). Second, the question whether the defaulting party has appeared in the case may affect whether the party can be deemed to have waived certain issues in the case that the party has not affirmatively contested, although as noted below an appearance for purposes of Rule 55 is not necessarily the same as a general appearance in the proceeding for purposes such as the waiver of unasserted rights.

Normally, an appearance in an action involves "some presentation or submission to the court." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (quoting 10 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2686 (2d ed. 1987)). However, in light of the general policy that judgments by default are disfavored, the courts have been liberal in construing acts by the defendant as constituting an "appearance" for purposes of the notice requirements of Rule 55(b)(2).

In addressing the question whether a defendant is deemed to have appeared in a case, the Fifth Circuit has stated that "[w]hat constitutes an appearance is not 'confined to physical appearances in court or the actual filing of a document in the record.'" *Brown*, 84 F.3d at 141 (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Rather, appearances "include a variety of informal acts on defendant's part which are

responsive to plaintiff's formal action in court, and which may be regarded as sufficient to give plaintiff a clear indication of defendant's intention to contest the claim." *Sun Bank*, 874 F.2d at 276 (internal quotations and citation omitted). As the Fifth Circuit has further explained, an appearance is an indication "in some way [of] an intent to pursue a defense," which the court has characterized as "a relatively low threshold." *United States v. McCoy*, 954 F.2d 1000, 1003 (5th Cir. 1992). The court has "not construed the phrase 'has appeared in the action' to require the filing of responsive papers or actual in-court efforts by the defendant." *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999). Instead, what the court has required in order to constitute a Rule 55(b)(2) "appearance" is, at minimum, that the defendant has engaged in conduct that is "responsive to plaintiff's formal Court action." *Baez v. S.S. Kresge Co.*, 518 F.2d 349, 350 (5th Cir. 1975).

Applying that standard, the Fifth Circuit has held that conduct such as a defendant's informing plaintiff's counsel that he was attempting to retain counsel to contest the suit was sufficient to constitute an appearance for purposes of Rule 55(b)(2). *Brown,* 84 F.3d at 142. The court has also held that a defendant's act of placing a telephone call to plaintiff's attorney, informing the plaintiff's attorney that he intended to contest the suit was sufficient to constitute such an appearance by the defendant within the meaning of Rule 55. *Charlton L. Davis & Co. v. Fedder Data Center, Inc.*, 556 F.2d 308, 309 (5th Cir. 1977).

Under that lenient standard, this Court finds that Mr. McCrea has entered an appearance in this case for purposes of Rule 55(b)(2). The plaintiff has submitted a copy of a May 2, 2019, e-mail message purportedly signed by defendant McCrea, which states, "I accept service (a formal response to the complaint will be issued within the 21 day deadline of being served). I am also

willing to accept email service going forward to speed things along if you are willing to do the same." Dkt. No. 7-2. The plaintiff has also submitted a copy of a May 14, 2019, email message addressed to the plaintiff's counsel and purportedly signed by defendant McCrea. The email message stated, in full, as follows:

> I will be submitting my answer to the court (and CC'd to you via electronic service) tomorrow at 6AM. Not only will I be looking for a change of venue (which I assume you know and are prepared for) but also a dismissal and a countersuit for libel for every time Mr. Stry has claimed that I, myself, has uploaded content to Ebook Bike. My guess is that one of you have already commented to Mr. Stry the dangers of that because he alleged it as well as other things in his GoFundMe but then modified his pitch to be more in line with what a lawyer would tell him to say.
> That said, if you're interested in a 30 day extension to answer deadline to discuss a settlement I'm interested in what you would like to request.

Dkt. No. 11-1. Counsel for the plaintiff represents that despite several attempts to contact Mr. McCrea following the receipt of that email, counsel received no response.

Under the standard applied by the Fifth Circuit, the Court concludes that Mr. McCrea has entered an appearance in this case for purposes of Rule 55(b)(2). His two emails indicate an intention to participate in the action by filing an answer as well as a motion to dismiss, in which he intended to seek a change of venue and to file a counterclaim for libel. Under the *Brown* and *Charlton L. Davis* decisions from the Fifth Circuit, Mr. McCrea's conduct is sufficient to constitute the entry of an appearance in this action for purposes of Rule 55. The Court therefore holds that Mr. McCrea is entitled to the service and notice required by Rule 55(b)(2).

**2. Subject Matter Jurisdiction**

The Court next must determine whether it has subject matter jurisdiction over this action. The plaintiff alleges that this is a civil action requesting remedies for infringement of copyright under the federal Copyright Act. This Court has subject matter jurisdiction over such a civil action

under 28 U.S.C. § 1338(a), which provides that district courts "shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights." It may be, in light of Mr. McCrea's presence in Canada and the apparent Canadian location of several of the activities alleged in the complaint, that there are grounds for argument that the alleged copyright infringements do not violate U.S. law, particularly in light of the fact that U.S. copyright law generally has no extraterritorial effect and cannot be invoked to secure relief for acts of infringement occurring outside the United States. *See Impression Prods., Inc. v. Lexmark Int'l, Inc.*, 137 S. Ct. 1523, 1537 (2017) ("copyright protections do not have any extraterritorial operation" (citation omitted)); *Geophysical Serv., Inc. v. TGS-NOPEC Geophysical Co.*, 850 F.3d 785, 797 (5th Cir. 2017) (Copyright Act inapplicable to extraterritorial conduct); *Subafilms Ltd. v. MGM-Pathe Commc'ns Co.*, 24 F.3d 1088, 1098 (9th Cir. 1994) (en banc) (same); *Litecubes, LLC v. Northern Light Prods., Inc.*, 523 F.3d 1353, 1368 (Fed. Cir. 2008) (same). That question, however, goes to the merits of the plaintiff's claim against Mr. McCrea, not to the subject matter jurisdiction of this Court. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 511 (2006); *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 497–98 (5th Cir. 2018). Based on the undisputed allegations in the complaint, this Court is satisfied that it has subject matter jurisdiction in this case.

### 3. Personal Jurisdiction

The next question that the Court must address is whether the Court has personal jurisdiction over the defendant, Mr. McCrea. As a general matter, the Fifth Circuit has held that "a judgment entered without personal jurisdiction is void [and therefore] a district court has the duty to assure that it has the power to enter a valid default judgment." *Sys. Pipe & Supply, Inc. v. M/V Viktor*

*Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001); *see also Nagravision.*, 882 F.3d at 499. Quoting a Tenth Circuit case with approval, the Fifth Circuit added that "[W]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply*, 242 F.3d at 324 (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)); *Whirlpool Corp. v. Global Purification, LLC*, Civil Action No. 2:16-cv-463, 2017 WL 2099771, at *2 (E.D. Tex. May 15, 2017); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2682, at 12 (2016) ("Before a default can be entered, the court must have subject-matter jurisdiction and jurisdiction over the party against whom the judgment is sought . . . ."); *id.* § 2695, at 156 ("[W]hen the court fails to establish personal jurisdiction over a defendant, any judgment rendered against the defendant will be void."). The Court will therefore examine whether the complaint has established a basis from which the Court may conclude that it has personal jurisdiction over Mr. McCrea in this matter.[1]

---

[1] There is language in the Fifth Circuit's opinion in *Hazen Research, Inc. v. Omega Minerals, Inc.*, 497 F.2d 151 (5th Cir. 1974), that could be read to mean that a defendant who has entered an appearance and has not raised the issue of personal jurisdiction is deemed to have waived that issue. *See id.* at 153 ("Where the defendant has appeared in the original action, the judgment in that cause is res judicata on the issue of personal jurisdiction, whether the defendant actually litigated the question or merely permitted it to pass without objection."). Subsequent Fifth Circuit cases make clear that in referring to a defendant who "appears" in an action, the court contemplates either a formal appearance in the proceeding or some form of participation in the litigation, not a merely informal expression of intent to contest the action, which is sufficient to constitute an appearance for purposes of Rule 55. *See Jackson v. FIE Corp.*, 302 F.3d 515, 523 (5th Cir. 2002) ("[A] party's right to object to personal jurisdiction certainly is waived under Rule 12(h) if such party fails to assert that objection in his first pleading or general appearance. But a party's right to contest personal jurisdiction is not waived by his failure to appear at all."); *Patin v. Thoroughbred Power Boats, Inc.*, 294 F.3d 640, 653 (5th Cir. 2002) ("Thoroughbred waived any objection to personal jurisdiction by making a general answer to the Plaintiffs' complaints without raising personal jurisdiction as a defense."); *Broadcast Music, Inc. v. M.T.S. Enters., Inc.*, 811 F.2d 278, 281 (5th Cir. 1987) (defendants waived objection to personal jurisdiction when they

There are two independent bases for the exercise of personal jurisdiction over a defendant—general and specific. General personal jurisdiction is available when the defendant's contacts with the forum State are "continuous and systematic." In such cases, the court in the forum State may exercise personal jurisdiction over the defendant even if the cause of action does not arise from or relate to activities conducted within that State. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009). In contrast, specific personal jurisdiction "must be based on activities that arise out of or relate to the cause of action, and can exist even if the defendant's contacts are not continuous and systematic." *Id.* "So long as it creates a 'substantial connection' with the forum, even a single act can support jurisdiction." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 n.18 (1985). Moreover, specific personal jurisdiction may be based on acts outside the forum State when the defendant knew that the injury resulting from those acts would be felt by the plaintiff in the forum State. *Calder v. Jones*, 465 U.S. 783, 790–91 (1984).

In this case, the Court plainly does not have general jurisdiction over Mr. McCrea, as there is no suggestion in the complaint or otherwise that his contacts with the forum are "continuous and systematic." The question, therefore, is whether this Court has specific jurisdiction over Mr.

---

appeared in the case through the actions of their counsel who participated in the litigation but failed to raise the issue of personal jurisdiction); *Cactus Pipe & Supply v. M/V Montmartre*, 756 F.2d 1103, 1108 (5th Cir. 1985) (stating, in the context of the issue of waiver of objection to personal jurisdiction: "Generally, an appearance in an action involves some presentation or submission to the court. . . . An appearance may also arise by implication 'from a defendant's seeking, taking, or agreeing to some step or proceeding in the cause beneficial to himself or detrimental to plaintiff . . . .'") (citation omitted). In light of those decisions, it is clear that the two emails from Mr. McCrea in which he agreed to accept service and expressed his intention to contest the case against him are not sufficient to constitute an "appearance" for purposes of finding a waiver of any objection to personal jurisdiction.

McCrea based on particular acts relating to the cause of action having a sufficient relationship with the forum to support a finding of jurisdiction.

A two-part test governs a federal court's determination as to whether it has specific personal jurisdiction over a defendant that is not a forum resident. The first part of the test requires the court to determine whether the defendant "is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). The second part of the test requires the court to determine whether the exercise of jurisdiction is consistent with the principles of due process. *Burger King*, 471 U.S. at 471–78; *Carmona v. Leo Ship Management, Inc.*, 924 F.3d 190, 193 (5th Cir. 2019); *Sangha v. Navig8 Shipmanagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018).

The Texas long-arm statute that governs the assertion of personal jurisdiction against nonresident defendants, Tex. Civ. Prac. & Rem. Code § 17.042, has been construed to extend to the limits permitted by due process. The two-step inquiry into specific personal jurisdiction therefore "collapses into one federal due process analysis." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008); *Inamed v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001). In order for due process to be satisfied, the defendant must have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

In the section of the complaint directed to personal jurisdiction, the plaintiff alleges that Mr. McCrea performed acts by which he purposely availed himself of the benefits and protections of the laws of the State of Texas, and that the present litigation results from injuries arising from

his activities in this State and district. Dkt. No. 1, at 3. In particular, the complaint alleges that Mr. McCrea "advertises, distributes, and imports via [his] eBook.Bike website . . . and allows for and does reproduce the copyrighted Works" of Mr. Van Stry without permission or license in Texas and in this district. *Id.*

The problem with the first allegation—that Mr. McCrea purposely availed himself of the benefits and protections of the laws of the State of Texas—is that it is not a factual allegation, but a conclusory legal assertion. As such, that allegation does not provide a sufficient factual basis from which the Court may conclude that this Court has personal jurisdiction over Mr. McCrea.

The second allegation—that Mr. McCrea "advertises, distributes, and imports" copyrighted materials without permission into this district through his eBook.Bike website—is a factual allegation, although general in nature. The specific allegations in support of that general assertion are as follows: First, the complaint alleges that Mr. McCrea "is structuring his eBook.Bike website as a gateway to convert the website traffic he generates from unauthorized distribution of copyrighted works into sales via his eBook.Bike online store." Dkt. No. 1, at 24. Although the complaint is not specific as to the nature of the "sales," it includes what appears to be a screen shot from the eBook.Bike website that refers to the "whole new store" that is available "with all the best reading accessories," and represents that "[a]nyone who signs up to get informed when we go live will get a special gift on their first order." *Id.* Second, the complaint alleges that in the past, Mr. McCrea has "made money by advertising" on websites that featured the unlawful distribution of copyrighted materials, Dkt. No. 1, at 11, and that he has sought donations in connection with his file-sharing activity and has asserted that such donations were tax deductible, *id.* at 14, 17.

It is not obvious that the allegations in the complaint summarized above are sufficient to establish that this Court has personal jurisdiction over Mr. McCrea. Given that the Fifth Circuit requires a district court to be satisfied that it has personal jurisdiction over a defendant before it enters a default judgment, this Court will not grant the request for a default judgment at this time. Instead, the Court will provide the parties an opportunity to brief the issues of personal jurisdiction. To that end, the parties are directed to file simultaneous briefs, within 14 days of the date of this order, addressing the question whether the Court has personal jurisdiction over Mr. McCrea. The briefs shall be no more than 5,000 words in length.

In briefing the issue of personal jurisdiction, the parties should address the following questions: (1) whether the injury to the copyright holder occurred in the forum district, where the copyright holder is alleged to reside; (2) whether such injury in the forum district is sufficient to give the forum personal jurisdiction over the plaintiff, a question that implicates the issues of whether Mr. McCrea's conduct created "a 'substantial connection' with the forum," *Burger King*, 471 U.S. at 475 n.18, and whether Mr. McCrea knew that the injury resulting from his acts would be felt by the plaintiff in the forum State, *Calder*, 465 U.S. at 790–91. The latter question is directed to determining whether exercising personal jurisdiction over Mr. McCrea in this district would be consistent with "traditional notions of fair play and due process." *See Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 470 (5th Cir. 2006) (applying "mere foreseeability" standard for finding due process satisfied when an entity "delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State.").

In addition, the parties should address the question whether, given that Mr. McCrea appears not to be present within the United States, personal jurisdiction can properly be based on Fed. R.

Civ. P. 4(k)(2). That rule provides that for a claim that arises under federal law, service of a summons establishes personal jurisdiction over a foreign defendant if the defendant is not subject to jurisdiction in any State's courts of general jurisdiction, and "exercising jurisdiction is consistent with the United States Constitution and Laws." In support of his position on personal jurisdiction, the plaintiff will be expected to present facts and legal argument to support that position.

### 4. Venue

In his email to counsel for the plaintiff, Mr. McCrea indicated that he intended to challenge venue in this Court. Ordinarily, a copyright action may be instituted in the district "in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). It is well established that a defendant may be found in any district in which he is amenable to personal jurisdiction, and thus venue and personal jurisdiction are coextensive. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1126 (9th Cir. 2010); *Funimation Entm't v. Does 1–1,427*, Civil Action No. 2:11-cv-269, 2013 WL 5200453, at *2 (E.D. Tex. Sept. 16, 2013); *Lipton v. The Nature Co.*, 781 F. Supp. 1032, 1035 (S.D.N.Y. 1992). In this case, because of principles of waiver, it is not necessary to postpone resolution of the venue issue pending a decision on the issue of personal jurisdiction.

Any defect in venue is waived if the party defaults either by failing to appear or by failing to file a timely responsive pleading. *See Hoffman v. Blaski*, 363 U.S. 335, 343 (1960) ("A defendant, properly served with process by a court having subject matter jurisdiction, waives venue by failing seasonably to assert it, or even simply by making default."); *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 942 (5th Cir. 1999) (same). Mr. McCrea has therefore waived any objection to improper venue by failing to file a responsive pleading in this case.

### 5. Liability

Based on the factual allegations in the complaint, which the Court treats as established, the Court finds that Mr. Van Stry has shown the necessary factual predicates for the legal conclusion that Mr. McCrea is liable for copyright infringement with regard to 12 of Mr. Van Stry's books, copies of which have been made available to the public through the Internet as a result of Mr. McCrea's efforts. *See Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 698 (5th Cir. 2015) (defaulting defendant deemed to admit complaint's well-pleaded factual allegations but not its ill-pleaded factual allegations or its conclusions of law) (citing *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015)); *Nishumatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . .").

The Copyright Act requires a plaintiff seeking a judgment of copyright infringement to prove that the plaintiff had a valid copyright and that that the defendant infringed that copyright by violating one of the exclusive rights that 17 U.S.C. § 106 bestows on the copyright owner. *Smith v. Barnesandnoble.com, LLC*, 839 F.3d 163, 166 (2d Cir. 2016). In particular, the plaintiff must show (1) which specific original works are the subjects of the copyright claim; (2) that the plaintiff owns the copyright in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts during what time the defendant infringed the copyright. *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y.1992), *aff'd,* 23 F.3d 398 (2d Cir. 1994).

Mr. Van Stry has adequately pleaded each of those elements in his complaint. He has identified each of the 12 works that are the subjects of his complaint of copyright infringement.

Dkt. No. 1, at 25–28. He has asserted that he is the owner of registered copyrights for each of those books, *id.* at 25, and he has included copies of the certificates of registration for each of those works, Dkt. No 1-1. Finally, he has pleaded that Mr. McCrea has infringed his copyrights by soliciting visitors to Mr. McCrea's eBook.Bike website to upload books to the website, Dkt. No. 1, at 20, and then making those books available for downloading by visitors to the website, *id.* at 21–28. The complaint alleges that the plaintiff has downloaded his own works from Mr. McCrea's website, *id.* at 28, and that he has complained in writing to Mr. McCrea and asked that the works be removed from the website. He alleges, however, that he has received no response to his request, and that none of the works have been taken down. *Id.* at 32. Because the factual allegations in the complaint satisfy the legal requirements of copyright infringement, the Court holds that the complaint adequately sets forth a factual basis for a finding of liability on Mr. McCrea's part.

Accordingly, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Court is prepared to conclude that the plaintiff has established the defendant's liability for each of the causes of action set forth in the complaint. Assuming that the plaintiff is able to satisfy the Court that the Court has personal jurisdiction over Mr. McCrea, that leaves the issue of remedy to be decided by the Court.

### 6. Remedy

By way of remedy, Mr. Van Stry has sought $150,000 in damages, costs in the amount of $400, and attorney fees in the amount of $26,000. He has also sought an injunction barring Mr. McCrea from further acts of copyright infringement with respect to Mr. Van Stry's works.

Although factual assertions going to liability are deemed admitted by a defaulting defendant, the same does not apply to factual assertions going to damages. *See Frame v. S-H, Inc.*,

967 F.2d 194, 205 (5th Cir. 1992). In the case of an award of damages that is fixed by statute, a court may enter judgment for the statutorily mandated amount. However, in the case of a request for damages that is based on a fact-finder's determination of the appropriate measure of damages, or a request for injunctive relief that is based on the court's assessment of the factors bearing on the plaintiff's entitlement to an injunction and the terms thereof, the right to such remedies typically cannot be assessed without a hearing. That is particularly true in a case such as this one, in which there has been no documentary evidence submitted to the Court relevant to the calculation of the quantum of damages. *See Stephenson v. El-Batrawi*, 524 F.3d 907, 915–16 (8th Cir. 2008); *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). The nature of such a hearing is left to the district court's discretion. *See* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2688, at 77–80 (2016).

With respect to the request for an injunction, there is a further complication: the Copyright Act provides, in 17 U.S.C. § 502(b), that an injunction "may be served anywhere in the United States on the person enjoined" and that it "shall be operative throughout the United States." A copyright injunction therefore cannot be served outside the United States, and it does apply directly to conduct occurring outside the United States. Such an injunction, if issued, would have to be framed so that it is directed only to conduct occurring within this country, which would be narrower than the full scope of the injunctive relief sought in the complaint. *See* Dkt. No. 1, at 52.

Subject to the Court's resolution of the issue of personal jurisdiction, and in light of Mr. McCrea's default, the Court is prepared to hold that the plaintiff has established liability on each of the causes of action asserted in his complaint. In addition, section 505 of the Copyright Act, 17 U.S.C. § 505, provides a statutory minimum award of $750 for copyright infringement with respect

14

to any single work. Therefore, treating the issue of liability as resolved, and subject to the Court's concluding that it has personal jurisdiction over Mr. McCrea, the Court would be prepared to hold that the plaintiff is entitled to a statutory award of $750 for each of the 12 works as to which he has alleged copyright infringement, for a total award of $9000, if the plaintiff were to elect to accept the statutory minimum damages award in lieu of a damages award calculated after a hearing.

In the absence of an agreement by the plaintiff to accept the statutory $9000 award, the Court would not be prepared to enter a judgment for damages in a larger sum without a hearing to determine the appropriate award of damages. Nor would the Court be prepared to grant equitable relief without a hearing to determine whether the plaintiff is entitled to an injunction and what form any such injunction should take.

Finally, the Court notes that an award of costs and attorney's fees under the Copyright Act, 17 U.S.C. §505, is discretionary. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). For that reason, the Court will not grant the plaintiff's request for that relief in the absence of a hearing, or at minimum the submission of written evidence regarding the appropriateness of an award of fees and costs, as well as the appropriate amount of that award.

After receiving briefs from the parties on the issue of personal jurisdiction, the Court will rule on that issue. If the Court concludes that it has personal jurisdiction over Mr. McCrea, the plaintiff will be required to advise the Court whether he wishes to pursue relief in excess of the statutory damages award set forth above. In the event the Court concludes that it has personal jurisdiction over Mr. McCrea in this case and that the plaintiff seeks remedies in excess of the minimum statutory damages, this Court will make itself available for a hearing on a date to be scheduled. In order to conserve the parties' resources, the Court will conduct the hearing by

telephone. If the telephonic format proves inadequate to provide the Court with the information required to formulate an appropriate award, further proceedings may need to be conducted.

Mr. McCrea's failure to respond means that he will not be allowed to contest the factual issues underlying the Court's finding of liability unless he makes a showing as to why he should be entitled to challenge the Court's findings on that issue. He will be allowed, if he chooses, to participate in the hearing on the issue of relief, either pro se or through a representative. He will also be allowed at that time to challenge the Court's personal jurisdiction over him, if he chooses to do so, without waiving any objections to the Court's jurisdiction.

This order will be posted in the docket for this case. In addition, however, to ensure that Mr. McCrea is informed of the order, the requirement of further briefing, and the prospect of a further hearing in this case, the plaintiff is directed to serve a copy of this order on Mr. McCrea by email at the email address that Mr. McCrea listed as the email address that could be used to serve him. In addition, the plaintiff is directed to mail a copy of this order to Mr. McCrea at the address where he was served with the summons and complaint, or any other address where the plaintiff may be aware that Mr. McCrea may be found and can be served.

IT IS SO ORDERED.

SIGNED this 12th day of July, 2019.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE