IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| John Van Stry, | § § § | |
| *Plaintiff,* | § § | Case No.   2:19-cv-00104-WCB |
| v. | § § | Jury |
| Travis Robert McCrea, | § § | |
| *Defendant.* | § | |

PLAINTIFF'S MOTION FOR SANCTIONS AGAINST
DEFENDANT FOR FAILURE TO OBEY THE COURT'S
ORDER TO PRODUCE DISCOVERY BY A DATE CERTAIN

Per Rule 37(b)(2)(A)(i)–(ii), Plaintiff moves for sanctions against Defendant for failure to provide any response to Plaintiff's interrogatories [#39–1 at 3–9] and requests for production [*id.* 10–19] by the December 30, 2019 deadline set by the Court's order compelling Defendant to respond to the same [#41].  Specifically, Plaintiff is requesting: (1) certain facts (a summary of these is given herein) be taken as given, including Plaintiff's requests for admissions; and (2) Defendant be prohibited from supporting certain claims and defenses (also described herein).

TABLE OF CONTENTS

Page

I.    FACTUAL BACKGROUND ................................................................................1
II.   LEGAL STANDARDS .......................................................................................2
III.  ARGUMENT .......................................................................................................3
    A. Summary of the Facts Plaintiff Believes Should Be Taken as Given ...............................................................................................................4
       1.    Facts Regarding Mr. McCrea's Direct Liability ....................................4
       2.    Facts Regarding Mr. McCrea's Contributory Liability .........................5
       3.    Facts Regarding Mr. McCrea's Vicarious Liability ..............................7
       4.    Facts Regarding Mr. McCrea's Willful Infringement ..........................7
       5.    Facts Regarding Appropriate Damages .................................................8
    B. Defendant Should Be Precluded from Asserting His Defenses ....................9
    C. Defendant Should Be Precluded from Moving to Have RFAs Un-Deemed ...................................................................................................11
IV.  CONCLUSION ..................................................................................................15

# TABLE OF AUTHORITIES

**CASES**

*American Auto. Ass'n. v. AAA Legal Clinic of Jefferson Crook, P.C.*,
  930 F.2d 1117 (5th Cir. 1991) ................................................................................ 13

*Anderson v. Air West, Inc.*,
  542 F.2d 1090 (9th Cir. 1976) ................................................................................ 11

*Broadcast Music, Inc. v. Xanthas, Inc.*,
  855 F.2d 233 (5th Cir. 1988) .................................................................................... 3

*Daval Steel Prods. v. M/V Fakredine*,
  951 F.2d 1357 (2d Cir. 1991) .................................................................................. 11

*Dukes v. South Carolina Ins. Co.*,
  590 F. Supp. 1166 (S.D. Miss. 1984) ...................................................................... 14

*Geiserman v. MacDonald*,
  893 F.2d 787 (5th Cir. 1990) .................................................................................... 3

*Hill v. Breazeale*,
  197 F. App'x 331 (5th Cir. 2006) (unreported) ...................................................... 13

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*,
  456 U.S. 694 (1982) .................................................................................................. 3

*Morrison v. Comm'r of Internal Revenue*,
  81 T.C. 644 (1983) .................................................................................................. 15

*Rainbolt v. Johnson*,
  669 F.2d 767 (D.C. Cir. 1981) ................................................................................ 14

*Roadway Express, Inc. v. Piper*,
  447 U.S. 752 (1980) .................................................................................................. 3

*Weva Oil Corp. v. Belco Petroleum Corp.*,
  68 F.R.D. 663 (N.D. W. Va. 1975) ........................................................................ 14

*Woods v. DeAngelo Marine Exhaust, Inc.*,
  692 F.3d 1272 (Fed. Cir. 2012) ................................................................................ 9

*Zenith Elecs. Corp. v. WH-TV Broad., Corp.*,
  395 F.3d 416 (7th Cir. 2005) .................................................................................... 9

**RULES**

FED. R. CIV. P. 12(b)(6) ................................................................................................ 10

FED. R. CIV. P. 36(a)(3) .................................................................................................. 12
FED. R. CIV. P. 36(b) ...................................................................................................... 12
FED. R. CIV. P. 37(b)(2)(A) ............................................................................................... 2

I. **FACTUAL BACKGROUND**

Plaintiff served Defendant with interrogatories ("ROGs"), requests for admissions ("RFAs"), and requests for production ("RFPs") on September 26, 2019. [#39–1.] Defendant provided no discovery responses when they were due.[1] Defendant provided no discovery responses after Plaintiff offered Defendant a generous extension. [*See* #39–3.] Defendant provided no discovery responses after Plaintiff filed a motion to Compel responses to RFPs and ROGs and gave notice that it was Defendant's burden if he wanted the RFAs un-deemed. [*See* #39.] Defendant provided no discovery response by the December 30, 2019 deadline given by the Court in the order on the motion to compel, and has not moved with respect to the RFAs. [*See* #41.]

January 10, 2020, Mr. McCrea sent an email to one of Mr. Van Stry's counsel indicating that he "attempted to send over documents" to another of Mr. Van Stry's counsel [Ex. 1 at 1], despite Plaintiff's previous requests that all communication be sent to both of Plaintiff's counsel. Mr. McCrea asked if the counsel's email account "blocked" communications from him. Counsel contacted his hosting service to confirm Mr. McCrea's emails were not blocked, added Mr. McCrea to counsel's "white list,"[2] and asked Mr. McCrea to resend

---

[1] Defendant has not even served initial disclosures under Rule 26, despite having received Plaintiff's disclosure August of last year.

[2] A list of email addresses that will never be blocked.

to both counsel. [*Id.* at 2.]  Assuming such an attempt was actually made, Mr. McCrea's supposed effort was (1) eleven days past Court's deadline to provide *all* discovery; (2) did not address the Court's order to produce answers to the ROGs; (3) and made only six days before the close of discovery, January 16, 2020.  Despite both of Mr. Van Stry's counsel replying to Mr. McCrea within an hour [Ex. 1 at 1–2], Defendant never responded and has provided nothing as of this filing.

In response to Plaintiff's request for the Court's guidance regarding the appropriate sanction for Defendant's behavior, the Court referred to the six possible sanctions set forth under Rule 37(b)(2)(A), and highlighted the first two options, (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, and/or (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence.  [#43.]  Plaintiff is now so moving for such sanctions.

## II.    LEGAL STANDARDS

As noted above, Rule 37 generally provides that a Defendant may be estopped from maintaining claims or defenses, introducing matters into evidence, or taking positions with respect to issues "covered" by Plaintiff's RFPs and ROGs due to Defendant's failure to produce documents and answer the

2

questions by a Court-ordered deadline. *Broadcast Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233, 238 (5th Cir. 1988); *see also Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990) (endorsing a district court's disregard of late answers to interrogatories when considering a motion for summary judgment even absent a motion to compel). By "covered," it is meant that the sanction must be specifically related to the particular legal "claim" for which the ordered discovery is sought. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982).

"Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980) (citation omitted; internal quotes, and modifications removed).

### III.   ARGUMENT

Given the above framework, and because the Court asked Plaintiff to include in any request for relief "a summary of the facts that he believes should be taken as given" [#43 at 3], Plaintiff reviews the unanswered ROGs [#39–1 at 3–9] and RFPs [*id.* at 10–19] to explain the purpose for which the discovery was propounded (i.e., the legal claim or claims to which the discovery relates), and the corresponding facts Plaintiff seeks to have conclusively admitted, and the

3

claims, defenses, and other matters Plaintiff requests Defendant should be precluded from supporting or putting into evidence.

### A. Summary of the Facts Plaintiff Believes Should Be Taken as Given

Though some facts below go to multiple legal claims, Plaintiff attempts to list the same fact only once.

#### 1. Facts Regarding Mr. McCrea's Direct Liability

At least ROGs 1–3, 5 and 6, and RFPs 1–4, and 15–18 were put forth to gather information to support Plaintiff's direct liability claim. Specifically, they were propounded to discern Mr. McCrea's participation—manually or automatically through his eBook.Bike website and software—in copying, making available for distribution, and distributing Mr. Van Stry's Works[3] from, to, and/or into the United States. Therefore, Plaintiff asks that it be taken as a given that:

- Mr. McCrea wrote the software for the eBook.Bike book distribution site;
- Mr. McCrea solely ran and controlled eBook.Bike;
- Mr. McCrea operated eBook.Bike on servers hosted by Francisco Humberto Dias doing business as Frantech Solutions ("Frantech Solutions") in Nevada, AbeloHost B.V. ("AbeloHost") in the Netherlands, SC Parfumuri Femei.com SRL, doing business as

---

[3] "Works" mean titles listed in ¶58 of the Complaint [#1] for which the copyrights can be found in Exhibit 1 of the same document [#1–1].

Netsilvania ("Netsilvania") in Romania, and Cloudflare Inc. ("Cloudflare"), in Dallas, Texas (collectively "Hosts"[4]);

- Mr. McCrea reproduced the Works by copying them from Frantech Solutions in Nevada, to AbeloHost, from AbeloHost to Netsilvania, and from Frantech Solutions, AbeloHost and Netsilvania to Cloudflare, in Dallas, Texas;
- Mr. McCrea reproduced the covers of each of the Works and posted them to eBook.Bike on the Hosts when creating the corresponding advertising/download pages of eBook.Bike on the Hosts;
- Mr. McCrea reproduced the Works when he converted them from EPUB to Text format and *vice versa*, on his eBook.Bike website located on his Hosts; and
- Mr. McCrea made available for distribution, and did distribute, entire copies of the Works from, to, and/or into the United States through his eBook.Bike website via his Hosts.

**2. Facts Regarding Mr. McCrea's Contributory Liability**

At least ROGs 1–3, 5 and 6, and RFPs 1–4, 13, 15–18, and 20–21 were put forth to gather information to support Plaintiff's contributory liability claim. Specifically, they were propounded to discern who uploaded/downloaded the Works, where the Works were uploaded from and to, whether the

---

[4] Cloudflare is included in the term "Hosts" for convenience. Technically, Cloudflare is, among other things, a "caching service"; however, like webhosts, Cloudflare has copies of the eBook.Bike content, and Mr. McCrea knows copies of the eBook.Bike content will be copied to be distributed to users from Cloudflare servers.

uploaders/downloaders had permission to copy the Works, Mr. McCrea's knowledge of the copying, and Mr. McCrea's encouragement or support for the copying. Therefore, Plaintiff asks that it be taken as a given that:

- Mr. McCrea made eBook.Bike's functionality publicly available to persons in the United States to upload and download the Works onto his Hosts;
- Mr. McCrea provided visitors to his website specific instructions to upload books to, and download books from, his eBook.Bike website for use with Kindle, Kobo Reader, Android, and Nook devices;
- Mr. McCrea had knowledge that the copyrighted Works had been uploaded to eBook.Bike on his Hosts;
- Mr. McCrea had knowledge of the copyright notices on the Works;
- Mr. McCrea had actual knowledge that Mr. McCrea's operation of eBook.Bike violated Mr. Van Stry's copyrights in the Works and that Mr. McCrea was required to remove the Works from eBook.Bike, through "take down" notices and cease and desist letters he received from Mr. Van Stry, Mr. Van Stry's lawyers and every Host;
- Users of eBook.Bike in the United States uploaded and downloaded Works to and from eBook.Bike on his Hosts without license to do so; and
- Mr. McCrea had actual knowledge that users of eBook.Bike in the United States did not have Mr. Van Stry's permission to upload and download the Works.

### 3. Facts Regarding Mr. McCrea's Vicarious Liability

At least ROGs 1–3, 5, 6 and 8, and RFPs 1–4, 7–12, 15–17, 20–22 were put forth to gather information to support Plaintiff's vicarious liability claim. Specifically, they were propounded to discern Mr. McCrea's control over, benefit from, and authorization of, the use of the Works on eBook.Bike. Therefore, Plaintiff asks that it be taken as a given that:

- Mr. McCrea would have no difficulty identifying the location of the Works on eBook.Bike;
- Mr. McCrea could have removed the Works from eBook.Bike quickly and easily;
- Mr. McCrea would have faced no hardship if the Works were removed from eBook.Bike;
- Mr. McCrea received revenue by attracting users to eBook.Bike through the availability of the Works for distribution in the United States; and
- Mr. McCrea did not remove any of the Works from eBook.Bike prior to taking the whole site offline after suit was filed.

### 4. Facts Regarding Mr. McCrea's Willful Infringement

At least ROGs 5 and RFPs 5, 7–13, 17–18, and 22 were put forth to gather information to show Mr. McCrea knew his actions constituted copyright infringement of the Works. Specifically, they were propounded to discern Mr. McCrea's role in the books.cat and Mr. McCrea's actual knowledge that Mr. Van Stry had requested the Works be removed from eBook.Bike. Therefore,

Plaintiff asks that it be taken as a given that:

- Mr. McCrea registered the books.cat domain;
- Mr. McCrea was an administrator for books.cat;
- Mr. McCrea coordinated with "hunters" for books.cat who obtained books, removed digital security from the books, and uploaded the books to eBook.Bike on the Hosts; and
- Mr. McCrea engaged and used California-headquartered Cloudflare's reverse-VPN service to conceal eBook.Bike's Hosts.

### 5. Facts Regarding Appropriate Damages

At least ROGs 1, 2 and 4, and RFPs 1–4, 7–12, 18, 20 and 22 were put forth to gather information and evidence regarding appropriate damages. Specifically, they were propounded to discern the duration and extent of McCrea's distribution of Mr. Van Stry's works, the profits Mr. McCrea reaped, the revenues lost (inferentially) by Plaintiff, and to obtain Defendant's records from which Plaintiff could assess the value of the infringing material. Therefore, Plaintiff asks that it be taken as a given that:

- Mr. McCrea distributed millions of copyrighted books through eBook.Bike without permission of the rights holders;
- Mr. McCrea valued eBook.Bike at over a million dollars;
- Mr. McCrea made hundreds of thousands of dollars through eBook.Bike;
- Mr. McCrea used revenue generated by eBook.Bike to buy an airplane;
- Mr. McCrea kept analytics regarding the location of users who were

- uploading and downloading the Works;
- Mr. McCrea had statistics regarding the number of times the Works were uploaded and downloaded;
- Mr. McCrea received Plaintiff's document retention notice August 16, 2019; and
- Mr. McCrea caused any statistics or analytics regarding his activities relating to Works to be destroyed after the lawsuit was filed and after receiving a document retention notice.

### B. Defendant Should Be Precluded from Asserting His Defenses

Because Defendant has not provided any information sought through discovery regarding Defendant's defenses, including actual as well as affirmative defenses, by the Court-ordered deadline, despite outstanding contention ROGs and RFPs targeted to gather Defendant's legal position and factual evidence undergirding the same, Mr. McCrea should be precluded from asserting them. *Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1280 (Fed. Cir. 2012) ("[D]istrict courts have discretion to exclude evidence when a party acts in bad faith or prejudices its adversary by deliberately delaying, or wholly failing, to respond to contention interrogatories.") (citing *Zenith Elecs. Corp. v. WH-TV Broad., Corp.*, 395 F.3d 416, 420 (7th Cir. 2005) ("The district judge banned evidence on that subject after WH-TV failed to respond to Zenith's contentions interrogatory with a description of its damages theory and the proof to be employed . . . His decision was not an abuse of discretion.").)

In Defendant's answer, Mr. McCrea asserts three affirmative defenses: (1) failure to state a claim;[5] (2) a right under Mr. McCrea's supposed Kopimi[6] "religion" to engage in copyright infringement; and (3) reliance on the Digital Millennium Copyright Act ("DMCA") "safe harbor" provisions. [#32 at 7.]

Plaintiff asked Defendant for all factual and legal bases for Defendant's affirmative defenses, how Defendant contends the defenses affect Plaintiff's ability to recover damages or other relief in this action, and the identity of the persons most knowledgeable about the facts underlying Defendant's contentions. [#39–1 ROG 7.] Plaintiff asked for the same information regarding the actual defense of non-infringement, whether direct, contributory, or vicarious. [*Id.* ROG 6.] Plaintiff further asked Defendant for all documents and communications on which Defendant may, actually does, or intends to rely upon to support any of Defendant's defenses in this action, including Defendant's meeting or failing to meet the requirements of the safe harbor provisions of the DMCA. [*Id.* RFPs 14.] Plaintiff further asked Defendant for all communications with, and funds from or through, the Kopimist Church

---

[5] The first affirmative defense stating "Plaintiff has brought forward no valid claim of copyright infringement" is simply a second belated 12(b)(6) assertion Defendant has already brought [15–5], and the Court has already denied [Aug. 6, 2019 Hr'g Audio at 50:16 to 52:02 (finding the Complaint "sufficient to state a claim for copyright infringement.")].

[6] This is pronounced "copy·me."

10

regarding eBook.Bike. [*Id.* RFPs 6, 10.]  Defendant provided no information to any of this discovery by the Court-ordered deadline.

The appropriate remedy for Defendant's failure to provide his information, contentions, and evidence regarding his defenses in light of Defendant's disregard of a Court order to do so is to preclude Defendant from asserting them.  *Anderson v. Air West, Inc.*, 542 F.2d 1090, 1093 (9th Cir. 1976) ("[A]ffirmative defenses . . . involve issues of fact.  [Defendant's] refusal to [provide discovery] as ordered and to assist in the determination of those factual issues constitutes a forfeiture on his part . . . of the right to contest those factual issues."); *see also Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365–66 (2d Cir. 1991) (discussing district court discretion to preclude evidence under Rule 37(b)(2) and noting that "[a]lthough an order granting a claim and precluding a party from presenting evidence in opposition to it is strong medicine, such orders are necessary on appropriate occasion to enforce compliance with the discovery rules and maintain a credible deterrent to potential violators").

### C. Defendant Should Be Precluded from Moving to Have RFAs Un-Deemed

Along with the facts that should be taken as a given, due to Defendant's failure to provide any response to the RFPs and ROGs described above, under

11

37(b)(2)(A)(i),[7] Plaintiff is also asking that the RFAs be irrevocably taken as true. That is, while the RFAs are currently deemed admitted due to Defendant's failure to respond by the deadline to answer them, Fed. R. Civ. P. 36(a)(3), due to lack of other discovery, Plaintiff needs to be able to rely on these admissions going forward, and Defendant should be precluded from moving to amend or withdraw his deemed RFAs.

This is just, because (1) Defendant provided no discovery by the Court-ordered deadline of December 30, 2019 [#41]; (2) with a few exceptions, the RFAs are not duplicative of the summary of facts above; (3) Plaintiff therefore intends to rely heavily upon the deemed RFAs for its already-started and soon-to-be-filed Motion for Summary Judgment ("MSJ"); (4) Defendant has been given abundant notice and opportunity to act to have the RFAs withdrawn by Plaintiff's counsel [#41 at 20] and the Court [#41 at 1–2, #43 at 1–2], yet Defendant has not acted; and (5) there is no question regarding the extreme prejudice Plaintiff will face should the RFAs be amended or withdrawn.

Normally, there is no explicit deadline by which a party may move to have deemed RFAs modified. FED. R. CIV. P. 36(b). However, Courts will not allow

---

[7] Rule 37 specifically allows for a sanction regarding "matters embraced in the order or other designated facts be taken as established for purposes of the action," and both the Court's *Order Compelling Discovery* and *Order re Notice of Non-Compliance* address (read: "embrace") Defendant's deemed RFAs [##41, 43], or, in any case, the RFAs would be "other designated facts."

12

deemed RFAs to be withdrawn if such withdraw would cause prejudice to the non-moving party. *Id.* Pre-trial, this prejudice is at least "special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *American Auto. Ass'n. v. AAA Legal Clinic of Jefferson Crook, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991).

Here the Court need not wait to see Plaintiff's response to any motion to withdraw the deemed RFAs to conclude that such withdrawal will cause Plaintiff extreme difficulty in obtaining evidence, given that Plaintiff has been provided no discovery from Defendant by the Court-ordered deadline. In this situation, where Plaintiff has been given no timely access to Defendant-controlled evidence, there will be *per se* prejudice if Plaintiff cannot rely upon the deemed admissions, because of the "special difficulty" in obtaining evidence from this Defendant. *Id.* Indeed, Defendant should not be able to reap the benefits of not responding to some discovery requests while simultaneously avoiding the consequences of not responding to others.

The fact that Defendant is acting *pro se* does not override such prejudice, given Mr. McCrea's "blatant disregard for deadlines and the Federal Rules" and that he "was aware of the importance of deadlines, but deliberately and selectively chose to disregard certain deadlines." *Hill v. Breazeale*, 197 F. App'x 331, 337 (5th Cir. 2006) (unreported). Indeed, Plaintiff served Mr.

13

McCrea with RFAs with the consequences of failure to answer on the front page over 100 days ago [#39–1 at 20], Plaintiff's counsel sent many communications asking for a status update and response to the RFAs, most of which Defendant ignored [##39–1 to –4], and Plaintiff has filed motions and the Court has issued orders warning Mr. McCrea that failing to respond will adversely affect the Defendant's interests in this case [##39–43].  There can be no doubt at this point that Mr. McCrea has notice of the ramifications of his inaction, that his inaction is deliberate, and that Plaintiff is justified in relying upon the deemed RFAs.

Given the above, Plaintiff should not have to bear the expense of putting together its MSJ facing the uncertainty that the deemed-RFA-foundation Plaintiff will build its MSJ upon is subject to sudden removal.  Fed. R. Civ. P. 56(c) (stating that an MSJ is put together by "citing to particular parts of materials in the record, including . . . *admissions*"); *see also Dukes v. South Carolina Ins. Co.*, 590 F. Supp. 1166, 1167–68 (S.D. Miss. 1984) (denying motion to un-deem RFAs when Defendant relied upon deemed admissions for its MSJ, especially given Plaintiff's previous dilatory discovery responses); *see also Weva Oil Corp. v. Belco Petroleum Corp.*, 68 F.R.D. 663, 666–667 (N.D. W. Va. 1975) (motion at oral argument on summary judgment motion denied, because withdrawal would impose heavy burdens on party securing admissions); *see also Rainbolt v. Johnson*, 669 F.2d 767, 769 (D.C. Cir. 1981) (citing *Weva*

favorably); *see also Morrison v. Comm'r of Internal Revenue*, 81 T.C. 644, 649 (1983) (finding prejudice, because "[t]o say the least, respondent's work on the motion for summary judgment, in reliance on the admissions, would be wasted, if the admissions are withdrawn.").

## IV. CONCLUSION

Given the discovery at issue is *all* of Plaintiff's written discovery, Plaintiff found this motion a difficult exercise; however, Plaintiff endeavored to (1) accurately capture the truth as Plaintiff understands it when proposing its summary of facts to be taken as a given; and (2) strike a balance by putting forth high-level facts without overwhelming with minutia, on one hand, while maintaining that the proposals remain facts rather than the ultimate conclusions of law, on the other.

A proposed order for the Court's consideration accompanies this motion.

Dated: January 13, 2020         s/Joshua S. Wyde/
                                         Joshua S. Wyde
                                            Tex. State Bar No. 24060858
                                            THE LAW OFFICE OF JOSHUA S WYDE
                                            710 N. Post Oak Rd. Suite 105
                                            Houston, TX 77024–3808
                                            Tel: 713.482.1916
                                            Fax: 713.466.6563
                                            jwyde@wydelegal.com

                                            Gary J. Fischman
                                            Tex. State Bar No. 787469
                                            FISCHMAN LAW PLLC
                                            710 N. Post Oak Rd. Suite 105

>Houston, TX 77024–3808
>Tel: 713.900.4924
>fischman@fischmaniplaw.com

## **CERTIFICATE OF SERVICE**

I certify that on January 13, 2020, I served the foregoing "PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT FOR FAILURE TO OBEY THE COURT'S ORDER TO PRODUCE DISCOVERY BY A DATE CERTAIN" on Defendant Mr. Travis Robert McCrea at the email address teamcoltra@gmail.com, per agreement to electronic service.

Dated:  January 13, 2020         s/Joshua S. Wyde/
                                 Joshua S. Wyde

16