IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| John Van Stry, § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | Case No.   2:19-cv-00104-WCB | |
| § | | |
| Travis Robert McCrea, § | Jury | |
| § | | |
| *Defendant.* § | | |

[PROPOSED] ORDER RE PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT FOR FAILURE TO OBEY THE COURT'S ORDER TO PRODUCE DISCOVERY BY A DATE CERTAIN

Having considered PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT FOR FAILURE TO OBEY THE COURT'S ORDER TO PRODUCE DISCOVERY BY A DATE CERTAIN ("Motion"), the Court hereby GRANTS the Motion and ORDERS the following facts be taken as a given:

- Mr. McCrea wrote the software for the eBook.Bike book distribution site;
- Mr. McCrea solely ran and controlled eBook.Bike;
- Mr. McCrea operated eBook.Bike on servers hosted by Francisco Humberto Dias doing business as Frantech Solutions ("Frantech Solutions") in Nevada, AbeloHost B.V. ("AbeloHost") in the Netherlands, SC Parfumuri Femei.com SRL, doing business as

1

Netsilvania ("Netsilvania") in Romania, and Cloudflare Inc. ("Cloudflare"), in Dallas, Texas (collectively "Hosts"[8]);

- Mr. McCrea reproduced the Works by copying them from Frantech Solutions in Nevada, to AbeloHost, from AbeloHost to Netsilvania, and from Frantech Solutions, AbeloHost and Netsilvania to Cloudflare, in Dallas, Texas;

- Mr. McCrea reproduced the covers of each of the Works and posted them to eBook.Bike on the Hosts when creating the corresponding advertising/download pages of eBook.Bike on the Hosts;

- Mr. McCrea reproduced the Works when he converted them from EPUB to Text format and *vice versa*, on his eBook.Bike website located on his Hosts;

- Mr. McCrea made available for distribution, and did distribute, entire copies of the Works from, to, and/or into the United States through his eBook.Bike website via his Hosts.

- Mr. McCrea made eBook.Bike's functionality publicly available to persons in the United States to upload and download the Works onto his Hosts;

- Mr. McCrea provided visitors to his website specific instructions to upload books to, and download books from, his eBook.Bike website for use with Kindle, Kobo Reader, Android, and Nook devices;

- Mr. McCrea had knowledge that the copyrighted Works had been

---

[8] Cloudflare is included in the term "Hosts" for convenience. Technically, Cloudflare is, among other things, a "caching service"; however, like webhosts, Cloudflare has copies of the eBook.Bike content, and Mr. McCrea knows copies of the eBook.Bike content will be copied to be distributed to users from Cloudflare servers.

uploaded to eBook.Bike on his Hosts;

- Mr. McCrea had knowledge of the copyright notices on the Works;
- Mr. McCrea had actual knowledge that Mr. McCrea's operation of eBook.Bike violated Mr. Van Stry's copyrights in the Works and that Mr. McCrea was required to remove the Works from eBook.Bike, through "take down" notices and cease and desist letters he received from Mr. Van Stry, Mr. Van Stry's lawyers and every Host;
- Users of eBook.Bike in the United States uploaded and downloaded Works to and from eBook.Bike on his Hosts without license to do so;
- Mr. McCrea had actual knowledge that users of eBook.Bike in the United States did not have Mr. Van Stry's permission to upload and download the Works.
- Mr. McCrea would have no difficulty identifying the location of the Works on eBook.Bike;
- Mr. McCrea could have removed the Works from eBook.Bike quickly and easily;
- Mr. McCrea would have faced no hardship if the Works were removed from eBook.Bike;
- Mr. McCrea received revenue by attracting users to eBook.Bike through the availability of the Works for distribution in the United States;
- Mr. McCrea did not remove any of the Works from eBook.Bike prior to taking the whole site offline after suit was filed.
- Mr. McCrea registered the books.cat domain;
- Mr. McCrea was an administrator for books.cat;
- Mr. McCrea coordinated with "hunters" for books.cat who obtained

3

- books, removed digital security from the books, and uploaded the books to eBook.Bike on the Hosts;
- Mr. McCrea engaged and used California-headquartered Cloudflare's reverse-VPN service to conceal eBook.Bike's Hosts.
- Mr. McCrea distributed millions of copyrighted books through eBook.Bike without permission of the rights holders;
- Mr. McCrea valued eBook.Bike at over a million dollars;
- Mr. McCrea made hundreds of thousands of dollars through eBook.Bike;
- Mr. McCrea used revenue generated by eBook.Bike to buy an airplane;
- Mr. McCrea kept analytics regarding the location of users who were uploading and downloading the Works;
- Mr. McCrea had statistics regarding the number of times the Works were uploaded and downloaded;
- Mr. McCrea received Plaintiff's document retention notice August 16, 2019; and
- Mr. McCrea caused any statistics or analytics regarding his activities relating to Works to be destroyed after the lawsuit was filed and after receiving a document retention notice.

The Court further ORDERS that Defendant is prohibited from supporting his defenses.

The Court further FINDS that allowing Defendant to move to un-deem Plaintiff's First set of Requests for Admission [#39–1 at 20–28] ("RFAs") would at this point prejudice Plaintiff and ORDERS that Defendant is precluded from

moving to un-deem the RFAs.