# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| JOHN VAN STRY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:19-CV-00104-WCB |
| | § | |
| TRAVIS ROBERT McCREA, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff John Van Stry's <u>Corrected Motion for Final Summary Judgment and Permanent Injunction</u>, Dkt. No. 50, and his reply in support of that motion, Dkt. No. 59. Defendant Travis Robert McCrea filed an opposition on March 29, 2020, and a sur-reply on April 6, 2020. Dkt. No. 54; Dkt. No. 61. Mr. McCrea also filed two other related documents on March 29, 2020. One is entitled <u>Defendant's Reply to Plaintiff's Motion to Compel Defendant to Respond to Interrogatories and Requests for Production</u>. Dkt. No. 56. The other is entitled <u>Defendant's Reply to Plaintiff's Motion for Sanctions Against Defendant for Failure to Obey the Court's Order to Produce Discovery by a Date Certain</u>. Dkt. No. 55.

**I.   BACKGROUND**

 **A. Plaintiff's Allegations**

Plaintiff Van Stry filed his complaint on March 27, 2019. In the complaint, Mr. Van Stry, an author of numerous copyrighted books, alleged that Mr. McCrea operated a website that enabled users to download copyrighted materials without the authors' permission. *See, e.g.*, Dkt. No. 1, at 19–44. Mr. Van Stry alleged that Mr. McCrea had willfully infringed Mr. Van Stry's copyrights

through his creation, operation, and maintenance of that website. *Id.* at 44–50. Mr. Van Stry has now moved for summary judgment on liability.

Mr. Van Stry has also set forth the remedy he seeks. Under the Copyright Act, a copyright owner may elect either actual damages or statutory damages as a remedy for copyright infringement. Mr. Van Stry has elected to pursue statutory damages in the amount of $15,000 per book. The maximum amount of statutory damages Mr. Van Stry could have sought for willful infringement is $150,000 per book. Mr. Van Stry also seeks a permanent injunction to prevent further infringement of his copyrighted books. And finally, Mr. Van Stry asks the Court to award him "full costs," including attorney's fees.

### B. Procedural History

Mr. Van Stry previously requested that I sanction Mr. McCrea for his failure to provide any discovery in this litigation, even after I ordered Mr. McCrea to do so. Dkt. No. 44. In my order addressing that motion, I summarized numerous indications that Mr. McCrea was not being sufficiently attentive to his responsibilities in this litigation, despite my repeated warnings that his continued lack of responsiveness could result in sanctions or even default. Dkt. No. 47, at 1–7. As a result of Mr. McCrea's repeated failings, including his failure to respond to any of the plaintiff's interrogatories or requests for production, I concluded that sanctions against Mr. McCrea were appropriate and necessary. I held that "the prima facie elements of Mr. Van Stry's willful copyright infringement claim are established for purposes of this action, and Mr. Van Stry will be given all reasonable adverse inferences against Mr. McCrea on the issue of damages." *Id.* at 13. I did not, however, strike Mr. McCrea's affirmative defenses, as Mr. Van Stry requested. Instead, I stated that Mr. Van Stry could file a motion for summary judgment addressing Mr. McCrea's affirmative defenses. *Id.* I also directed that if Mr. Van Stry chose to file a motion for

summary judgment, he should address the proposed remedy he sought at that time because Mr. McCrea had not been participating in this litigation. *Id.* Finally, I noted that while certain requests for admission that had been served on Mr. McCrea were deemed admitted under Federal Rule of Civil Procedure 36, Mr. McCrea would be permitted to move to withdraw his admissions if he so chose.

Mr. Van Stry filed a motion for summary judgment on March 6, 2020. Dkt. No. 50. Several days later, Mr. McCrea filed a one-page response. Dkt. No. 52. Mr. McCrea's response did not address the merits of Mr. Van Stry's motion. Instead, Mr. McCrea acknowledged that the motion for summary judgment was a "reasonable request" because he had not responded to "valid requests in a timely fashion." Mr. McCrea nonetheless contended that he had "made good faith efforts to stay on top of this trial," so he should be given some unspecified measure of leniency.

Due to the lack of clarity in Mr. McCrea's response, I held a telephonic status conference on March 19, 2020, to determine the exact nature Mr. McCrea's assertions. At that conference, Mr. McCrea stated that he had been receiving notices of electronic filings when Mr. Van Stry's counsel filed a document, and that he had received a notification when I ordered the teleconference.[1] But Mr. McCrea said he had not been receiving notices of electronic filings when the Court entered various other orders in the case. The implication of Mr. McCrea's assertion was that his lack of diligence should be excused, at least in part, because of technical difficulties resulting in his not receiving certain orders issued in the case.

---

[1] When either the court or a party files a document on the docket, it triggers a notice of electronic filing, an email that is sent to all the parties at the email address they have provided to the clerk's office. When a party receives a notice of electronic filing, the party can click on a link in that email to download one free copy of the document that was filed.

I find it difficult to credit Mr. McCrea's assertion for several reasons. First, it seems implausible that the court's system of notifying parties of filings in the case would work except for some subset of the orders I have entered. Second, the clerk's office in the Marshall Division of the United States District Court for the Eastern District of Texas confirmed that notices of electronic filing were being sent to the email address that Mr. McCrea had provided to the court. Third, the motions filed by the plaintiff, which Mr. McCrea said he received, alluded to several of my orders, yet Mr. McCrea made no attempt to gain access to those orders prior to Mr. Van Stry's motion for summary judgment.[2]

Nonetheless, in order to ensure that Mr. McCrea had an opportunity to be heard with respect to the orders that he claims not to have received, I gave him ten days to respond to any order as to which he alleged that he had not been notified. I sent copies of each of those orders to Mr. McCrea by email, and he confirmed that he received them. I also told Mr. McCrea that the Court did not have the ability to give him access to the Public Access to Court Electronic Records system ("PACER"), a system that he could use to download documents after he had used his first free download, and that it was his responsibility to register through PACER if he so chose. I have also directed opposing counsel to email Mr. McCrea copies of all documents subsequently filed in the case.

Mr. McCrea filed four documents on March 29, 2020. First, he filed a response to Mr. Van Stry's motion to compel discovery. In that response, Mr. McCrea stated that he "has now provided

---

[2] Mr. McCrea asserted that he had unsuccessfully tried to reach my former law clerk by email at some point in time after that clerk was no longer working for me. However, Mr. McCrea also exchanged emails and had a telephone conversation with my current law clerk. He therefore had both the email address and telephone number of my current law clerk, yet he admitted that he did not attempt to reach my current law clerk or anyone else in chambers in an effort to obtain copies of the orders that he claims not to have been able to access.

the prosecution all documents related to TUEBL, EbookBike, and other requested material as per their discovery." Dkt. No. 56. He also said that while that production "was delayed and not with good reason," he had now produced the materials in order to have "an open, good faith" proceeding. *Id.* Finally, he requested that I suspend the sanctions that I had previously entered. He wrote:

> While I believe in precedent I am lacking, I would ask that the court hold off on any sanctions for the tardiness of this reply. Perhaps sanctions can, instead, be "suspended" and if the defence misses any future deadline or screws up in any way they can be instantly applied.

*Id.*

Second, Mr. McCrea filed a response to Mr. Van Stry's motion for sanctions for failure to comply with this Court's order to provide the discovery demanded by Mr. Van Stry. Dkt. No. 55. In that response, Mr. McCrea said that he had not "chosen" to proceed pro se and that he could not afford a lawyer. *Id.* at 1. Mr. McCrea also said that at times during the pendency of this case he has been homeless and fighting depression, so it has been difficult representing himself, but that "the [March 19] conference call . . . really snapped me back into shape and I am fully back in this and ready to engage." *Id.* at 3. He also apologized to the Court and opposing counsel because he "has failed multiple times to adequately respond in this case . . . ." *Id*. at 1. Next, Mr. McCrea said he has taken down the website, Ebook.Bike, that Mr. Van Stry alleges was used to facilitate the downloading of Mr. Van Stry's copyrighted materials without his permission. *Id.* at 3. Finally, Mr. McCrea said that he has produced the requested discovery that was at issue in the motion for sanctions. *Id.*

Third, Mr. McCrea filed a second response to Mr. Van Stry's motion for summary judgment. Dkt. No. 54. In that response, Mr. McCrea denied any wrongdoing because there was no evidence, according to Mr. McCrea, that there had been any downloads of copyrighted material.

*Id.* at 3. At the same time, Mr. McCrea said that he was "practising [his] religion by helping authors connect with their readers." *Id.* at 2. Mr. McCrea also claimed that his actions were protected by the safe harbor provision of the Digital Millennium Copyright Act. And, in the event of liability, Mr. McCrea disputed Mr. Van Stry's contention as to the appropriate amount to be awarded in damages. *Id.* at 1–2.

The fourth filing Mr. McCrea made was a request for a continuance "of any further pre-trial and trial matters until at least July 1, 2020 due to the 2019 novel coronavirus known as COVID-19 . . . ." Dkt. No. 57. In that motion, Mr. McCrea stated that had "no intention to reinstate" the website that is at issue in this case. I granted that motion in part, removing the pretrial conference and trial from the schedule. Dkt. No. 58. I did not, however, stay the resolution of the pending motions that had already been filed.

## II. DISCUSSION

Below, I address the pending matters before the Court. I will first address Mr. McCrea's responses to the discovery and sanctions motions, because their resolution implicates the framework for assessing Mr. Van Stry's motion for summary judgment. I will then address Mr. Van Stry's motion for summary judgment and his request for relief.

### A. Sanctions

Mr. McCrea asks that I "suspend" the sanctions that I ordered unless and until "the defence misses any future deadline or screws up in any way." Dkt. No. 56. In his responses to Mr. Van Stry's motion to compel and motion for sanctions, however, Mr. McCrea has not provided a justification that would warrant the suspension of the sanctions I previously ordered.

To begin with, Mr. McCrea acknowledged during the March 19 teleconference and in his most recent filings that he received the plaintiff's discovery requests, and that he received both the

plaintiff's motion to compel compliance with those requests and the plaintiff's motion for sanctions for failing to make discovery. Yet Mr. McCrea did not provide any discovery whatsoever in response to the discovery requests, and he did not respond to either the motion to compel or the motion for sanctions. As a result of his failure to take any steps whatever to meet his discovery obligations, Mr. McCrea caused the plaintiff to have to move to compel discovery, and ultimately to move for sanctions. As a result, the plaintiff incurred attorney fees that should not have been unnecessary. That burden has not been erased by Mr. McCrea's untimely insistence that he is now prepared to comply with those obligations.

To be sure, Mr. McCrea has claimed that he did not receive my order compelling discovery. Even if true, however, that does not change the outcome. Mr. McCrea acknowledges that he received Mr. Van Stry's motion for sanctions. On the first page of that motion, Mr. Van Stry said "Plaintiff moves for sanctions against Defendant for failure to provide any response to Plaintiff's interrogatories and requests for production *by the December 30, 2019 deadline set by the Court's order compelling Defendant to respond to the same*." Dkt. No. 44, at 1 (emphasis added). Mr. McCrea was thus on notice at that point, at the latest, that the Court had entered an order compelling him to produce discovery by December 30, 2019, even if he had not seen the order when it was issued. Nonetheless, Mr. McCrea did not respond to the motion for sanctions or make any effort at that time to rectify the situation, nor did he attempt to obtain a copy of the Court's order referred to in Mr. Van Stry's motion for sanctions. Under these circumstances, the disposition of Mr. Van Stry's motion for sanctions does not depend on Mr. McCrea's claim that he did not obtain access to some of the Court's orders.

I note that Mr. McCrea says in his response that he was "going homeless" and fighting depression at some point during the pendency of this case. At the time of the motions, however,

Mr. McCrea never requested a delay in responding to the plaintiff's discovery requests or an extension of any filing deadlines from the Court due to those alleged extenuating circumstances. Nor does it appear that Mr. McCrea told Mr. Van Stry's counsel about these issues. To the contrary, Mr. McCrea told Mr. Van Stry's counsel in a November 18, 2019, email that he was "moving" at the end of the month and "unavailable [for a deposition] due to work." Dkt. No. 39-3, at 2–3. Even though Mr. McCrea's responses to the discovery requests were substantially overdue at that point, Mr. Van Stry's counsel offered to give Mr. McCrea more time to respond. It does not appear that Mr. McCrea engaged with Mr. Van Stry's counsel any further after that time. Under these circumstances, I find that Mr. McCrea has not offered a satisfactory explanation for his failure to meet his discovery obligations, and I will therefore not alter or suspend the imposition of sanctions for his discovery violations.

Beyond the fact Mr. Van Stry's prima facie case of willful copyright infringement is established as a result of the Court's sanctions order, Mr. McCrea's challenge to liability on the merits is not supported. He contends that summary judgment should not be granted because the plaintiff "has no evidence that any of their work was actually available on the website" and no evidence that the books were "downloaded from the site." Dkt. No. 54, at 3. Mr. Van Stry replies that Mr. McCrea admitted (by failing to respond to requests for admission) that all twelve copyrighted books at issue in this litigation available for distribution on Mr. McCrea's website and that they were distributed into the United States. Dkt. No. 59, at 3. Mr. Van Stry's counsel also submitted an affidavit stating that as part of his pre-suit investigation, he downloaded all twelve books from Mr. McCrea's website. *Id.*

In his sur-reply, Mr. McCrea questions whether Mr. Van Stry's counsel's affidavit is truthful, but he does not deny that admitted (by failing to respond to requests for admission) that

all twelve copyrighted books at issue in this litigation were available on his website and were distributed into the United States. Dkt. No. 61, at 1–2. Nor does he affirmatively assert that Mr. Van Stry's books were not available for download on his website. Consequently, Mr. McCrea's "no evidence" challenge is not supported.

Finally, as part of my order granting sanctions, I directed Mr. Van Stry's counsel to submit an affidavit detailing the reasonable expenses incurred as a result of Mr. McCrea's failure to comply with the Court's order to provide discovery responses. Dkt. No. 47, at 14. Mr. Van Stry's counsel submitted an affidavit detailing the expenses incurred, and then requested a sanctions award for half that amount, which totaled $3,605. Dkt. No. 48. Although Mr. McCrea has requested the suspension of the sanctions, he has not objected to the reasonableness of the amount of the requested expenses. I have reviewed the supporting materials Mr. Van Stry submitted, and agree that the expenses are reasonable. Mr. McCrea is therefore ordered to pay Mr. Van Stry $3,605 as a sanction for his failure to comply with his discovery obligations.

## B. Affirmative Defenses

Although I held in my sanctions order that the prima facie elements of Mr. Van Stry's willful copyright infringement claim are established for purposes of this action, it is still necessary to determine whether summary judgment should be granted with respect to Mr. McCrea's affirmative defenses. For the reasons discussed below, I will grant Mr. Van Stry's motion for summary judgment with respect to Mr. McCrea's remaining affirmative defenses.

### 1. Digital Millennium Copyright Act's Safe Harbor Provisions

The Digital Millennium Copyright Act ("DMCA") includes several safe harbor provisions that shield service providers from liability from copyright infringement under certain circumstances. *See* 17 U.S.C. § 512(a)–(d). The safe harbor that Mr. McCrea contends applies in

this case is found in section 512(c). Dkt. No. 32 (Answer), at 1 ("Defendant . . . asserts their Safe Harbour provided by the DMCA within 17 U.S. Code § 512 (c)."). Subsection 512(c) covers infringement claims that arise "by reason of the storage at the direction of a user of material that resides on a system or network controlled or operated by or for the service provider." 17 U.S.C. § 512(c)(1); *see also Viacom Int'l, Inc. v. YouTube, Inc.*, 676 F.3d 19, 27 (2d Cir. 2012).

Mr. Van Stry contends that Mr. McCrea is not eligible for that safe harbor provision because Mr. McCrea did not designate an agent to receive notifications of claimed infringement. Dkt. No. 50, at 24–25. Mr. McCrea responds that he has a "reasonable claim to DMCA safe harbour where I feel a jury should be able to decide how much notification should be required to be given to a party when an improperly filed DMCA request is issued." Dkt. No. 54, at 3. Mr. McCrea also contends that he has "made every effort to follow the DMCA" and that Mr. Van Stry has "never provided a valid DMCA request." *Id.* The safe harbor, according to Mr. McCrea, should only penalize individuals acting in bad faith. Dkt. No. 61, at 2–3. Finally, Mr. McCrea contends that the "Registered Agent section" of the statute is irrelevant in this case because Mr. Van Stry's counsel was able to find a valid contact address. *Id.* at 4.

The Court agrees with Mr. Van Stry that Mr. McCrea is not eligible for subsection 512(c)'s safe harbor provision. Subsection 512(c) of the DMCA states that the "limitations on liability established in this subsection apply to a service provider only if the service provider has designated an agent to receive notifications of claimed infringement described in paragraph (3), by making available through its service, including on its website in a location accessible to the public, and by providing to the Copyright Office" certain contact information for that designated agent. 17 U.S.C. § 512(c)(2). Subsection 512(c) also requires the Register of Copyrights to maintain a directory of designated agents that is available to the public for inspection. *Id.*

Mr. Van Stry has submitted evidence that there are no designated agents for Mr. McCrea listed in the Copyright Office's DMCA Designated Agent Directory. Dkt. No. 50, at 25. Mr. McCrea does not dispute that he did not designate an agent with the Copyright Office. *See generally* Dkt. No. 54. To the contrary, Mr. McCrea previously admitted that he had no designated agent by failing to respond to a request for admission directed to that very issue. Dkt. No. 39-1, at 26 (RFA 39).[3]

Mr. McCrea's contention that providing the contact information for a designated agent to the Copyright Office is "irrelevant" is contrary to the plain language of the statute. As other courts have recognized, the statute expressly requires that the designated agent must be listed in the Copyright Office's directory, even if that information is available elsewhere. *BWP Media USA Inc. v. Hollywood Fan Sites LLC*, 115 F. Supp. 3d 397, 403 (S.D.N.Y. 2015) ("As stated above, the statutory scheme expressly requires two publicly available, parallel sources of a service provider's DMCA agent information (the service provider's website and the USCO directory) in order for that provider to be shielded by the § 512(c) safe harbor."); *Perfect 10, Inc. v. Yandex N.V.*, No. C 12-01521 WHA, 2013 WL 1899851, at *8 (N.D. Cal. May 7, 2013) ("The statute plainly specifies that a registered agent is a predicate, express condition—the safe harbor will apply 'only if' such agent has been designated and identified to the Copyright Office for inclusion in the directory of agents.").

---

[3] I previously advised Mr. McCrea that the first set of requests for admission had been deemed admitted because he did not respond to them. Dkt. No. 41, at 1–2. I gave him the option to move to withdraw the admission, but he has not done so. *Id.*; *see also* Dkt. No. 47, at 13.

Because there is no dispute that Mr. McCrea failed to satisfy one of the conditions necessary to invoke subsection 512(c)'s safe harbor, I will grant Mr. Van Stry's motion for summary judgment on Mr. McCrea's safe harbor affirmative defense.[4]

### 2. Religious Exemption

Mr. McCrea has also raised "religious exemption" as an affirmative defense. Mr. Van Stry responds that there is no legal authority that "provides Mr. McCrea a 'religious exemption' from liability for infringing Mr. Van Stry's" copyrighted works. Dkt. No. 50, at 25. Mr. Van Stry further contends that Mr. McCrea has not demonstrated that compliance with the copyright laws has imposed any burden on or hindrance to Mr. McCrea's ability to practice his religion. *Id.* at 26–28. Mr. McCrea replies that his "religion should be protected by the 1993 Protecting Religious Freedom Act," and that he is "practising my religion by helping authors connect with their readers." Dkt. No. 54, at 2–3. He also states that "[i]t is the position of the Kopimist Church that copying is a holy act, to share files is a holy act, to share knowledge is a supremely holy act." Dkt. No. 61, at 3.

There are several problems with Mr. McCrea's "religious exemption" defense. Mr. McCrea relies on the Religious Freedom Restoration Act of 1993 ("RFRA"), which prohibits the "Government [from] substantially burden[ing] a person's exercise of religion even if the burden results from a rule of general applicability" unless the Government "demonstrates that application of the burden to the person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C.

---

[4] In a footnote, Mr. Van Stry contends that there are several other reasons Mr. McCrea's safe harbor affirmative defense should be limited or rejected. Dkt. No. 50, at 25 n.8. Because I am granting Mr. Van Stry's motion for the reason given in this order, I do not reach those other arguments.

§§ 2000bb–1(a), (b); *see also Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 690–91 (2014) (noting that RFRA "prohibits the Federal Government from taking any action that substantially burdens the exercise of religion unless that action constitutes the least restrictive means of serving a compelling government interest."). As Mr. Van Stry notes, however, RFRA does not apply when the "government," as defined by RFRA, is not a party to the action. *Listecki v. Official Comm. of Unsecured Creditors*, 780 F.3d 731, 737 (7th Cir. 2015); *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 834, 837–43 (9th Cir. 1999); *Gen. Conference Corp. of Seventh-Day Adventists v. McGill*, 617 F.3d 402, 410 (6th Cir. 2010). Because this case is a dispute between private parties, RFRA is inapplicable here.

Even assuming the sincerity of Mr. McCrea's beliefs and even if RFRA were applicable to this case, Mr. McCrea's affirmative defense would still fail because has provided no evidence that the government, or any entity, has substantially burdened his practicing of his religion. The only religious practices Mr. McCrea identifies is "helping authors connect with their readers" and copying and sharing information. Dkt. No. 54, at 2; Dkt. No. 61, at 3. I fail to see the suggested conflict between those practices and abiding by the Copyright Act. Mr. McCrea certainly could have approached Mr. Van Stry to obtain a license to copy, make available, and distribute Mr. Van Stry's copyrighted works, if that was how Mr. McCrea chose to help connect Mr. Van Stry with his readers. Mr. McCrea's conclusory assertion that licensing would be "impractical" does not alter the analysis. As the Ninth Circuit has explained "[a] substantial burden must be more than an inconvenience." *Worldwide Church of God v. Philadelphia Church of God, Inc.*, 227 F.3d 1110, 1121 (9th Cir. 2000) (citations and internal quotation marks omitted).

Here, there is a complete lack of evidence that enforcement of the Copyright Act would have imposed a substantial burden on Mr. McCrea's alleged religious beliefs and practices. Even

if Mr. McCrea had introduced some evidence of burden in his opposition to the summary judgment motion, that evidence would have been foreclosed by Mr. McCrea's failure to respond to an interrogatory asking him to describe "any hardships You would have faced if You were required to cease copying, distributing, or importing into the United States any of [Mr. Van Stry's books]." Dkt. No. 59, at 6 n.10.

I will therefore grant Mr. Van Stry's motion for summary judgment on Mr. McCrea's "religious exemption" affirmative defense.

For completeness, I note that Mr. McCrea referenced the Free Exercise Clause of the First Amendment in earlier proceedings. He did not raise that issue in his opposition to Mr. Van Stry's motion for summary judgment, however. Although I construe Mr. McCrea's pro se brief liberally, I cannot adduce factual allegations or arguments beyond those in the brief. *Morse v. Codilis & Stawiarski, PC*, No. 4:16-CV-279, 2017 WL 7050644, at *2 (E.D. Tex. Oct. 31, 2017) ("although *pro se* briefs must be liberally construed, even *pro se* litigants must brief arguments in order to preserve them"). I therefore find that Mr. McCrea has waived any argument based on the Free Exercise clause. In any event, the Copyright Act is a neutral, generally applicable law, and Mr. McCrea has not established that it has burdened the exercise of his alleged religion. As such, the Free Exercise Clause does not support Mr. McCrea's affirmative defense either. *See Holt v. Hobbs*, 574 U.S. 352, 356–57 (2015); *Employment Div., Dept. of Human Resources of Ore. v. Smith*, 494 U.S. 872 (1990).

### C. Remedy

Although the issues of liability and willfulness are resolved, I require more guidance from the parties before I can address Mr. Van Stry's requested remedy. The first remedy Mr. Van Stry seeks is statutory damages. The Supreme Court has held that "that the Seventh Amendment

provides a right to a jury trial on all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act, including the amount itself." *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 355 (1998); *see also BMG Music v. Gonzalez*, 430 F.3d 888, 892 (7th Cir. 2005) (noting that amount of statutory damages within the statutorily permissible range "is a question for the jury, unless both sides agree to decision by the court").

In their briefs, both parties appeared to agree that I should decide the appropriate amount of statutory damages (in the event that I granted summary judgment with respect to liability). *See* Dkt. No. 50 (Motion for Summary Judgment), at 12–16; Dkt. No. 54 (Opposition), at 1 ("As per the Copyright Act 504(c)[,] the minimum a work can be worth is $750 and it's the defence's contention that if summary judgment is issued, the works be valued at such a rate."); Dkt. No. 61 (Sur-reply), at 5 ("We should, instead, base damages on damages or what is lowest prescribed by law. If the court deemed punitive damages necessary on top of that, the court should determine that by the flagrancy of the offense and establish its own value. . . . Furthermore, punitive damages may be assessed by the court – That is a fair outcome.").

In order to ensure that the parties want me—as opposed to a jury—to decide the issue of statutory damages, I am going to direct each party to file a response within seven days of this order expressly and unequivocally indicating their election. In their filings, each party should indicate whether he waives his right to a jury trial on all issues pertinent to an award of statutory damages.

In this regard, I note that the right to a jury trial on the issue of statutory damages does not apply when the plaintiff seeks an award limited to the statutorily guaranteed minimum amount. *BMG Music*, 430 F.3d at 892–93; *GoPets Ltd. v. Hise*, 657 F.3d 1024, 1034 (9th Cir. 2011); *Simpleville Music v. Mizell*, 451 F. Supp. 2d 1293, 1300 (M.D. Ala. 2006); *Cynthia Hunt Prods., Ltd. v. Evolution of Fitness Houston Inc.*, No. CIV.A. H-07-0170, 2007 WL 2363148, at *6 n.1

(S.D. Tex. Aug. 16, 2007). In light of Mr. Van Stry's acknowledgement that damages in this case are likely to be illusory, Dkt. No. 50, at 22, he may wish to limit his request for statutory damages to the statutory minimum award of $750 per work—an amount that Mr. McCrea has already agreed would be appropriate. In that event, a jury trial on damages would not be necessary. Mr. Van Stry may, if he chooses, make the request to limit the award of statutory damages in the alternative. The request, that is, would only control in the event that Mr. McCrea does not waive his right to a jury trial.

I have also reviewed Mr. Van Stry's requests for a permanent injunction and costs, including attorney's fees. Mr. McCrea has not objected to those requests. Based on a consideration of the relevant circumstances, I intend to grant Mr. Van Stry's requests for a permanent injunction and costs, including attorney's fees, after the statutory damages issue has been resolved.

* * *

In sum, I will not alter my sanctions in which I ordered that the prima facie elements of Mr. Van Stry's willful copyright infringement claim are established for purposes of this action. I have also granted Mr. Van Stry's motion for summary judgment with respect to Mr. McCrea's remaining affirmative defenses. There is, therefore, no remaining issues with respect to liability or willfulness that will be sent to a jury.

The parties are directed to advise the Court within seven days of this order whether they wish to have the Court resolve all issues pertinent to an award of statutory damages in excess of the statutorily guaranteed minimum amount of $750 per work.

IT IS SO ORDERED.

SIGNED this 9th day of April, 2020.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE