IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOHN VAN STRY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:19-CV-00104-WCB |
| | § | |
| TRAVIS ROBERT McCREA, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is plaintiff John Van Stry's Corrected Motion for Final Summary Judgment and Permanent Injunction, Dkt. No. 50, and Plaintiff's Election Regarding Trier of Statutory Damages and Contingent Reduction in Amount of Statutory Damages Sought. Dkt. No. 63. Mr. Van Stry moves for summary judgment that Mr. McCrea willfully infringed several of Mr. Van Stry's copyrights through the creation and operation of a website that enabled users to download copyrighted materials without the authors' permission. In his motion, Mr. Van Stry also requests that I award statutory damages, enter a permanent injunction to stop future infringement, and award full costs, including attorney's fees.

I previously granted Mr. Van Stry's motion for summary judgment with respect to Mr. McCrea's liability for willful copyright infringement. Dkt. No. 62. I declined, however, to address Mr. Van Stry's requested remedy until I received more guidance from the parties on the issue of statutory damages. In this order, I address Mr. Van Stry's requested remedy.

**I.    BACKGROUND**

In my summary judgment order, I noted that the Seventh Amendment to the Constitution provides a right to a jury trial on all issues pertinent to an award of statutory damages under section

504(c) of the Copyright Act. Dkt. No. 62, at 14–15. There was some indication in the parties' summary judgment briefs that they both wanted the court, rather than a jury, to decide the issue of statutory damages. *Id.* at 15. Given that the waiver of a right to a jury trial should not be found in a "doubtful situation," I directed each of the parties to expressly advise me within seven days of my order whether he was waiving his right to a jury trial on all issues pertinent to an award of statutory damages. *McAfee v. Martin*, 63 F.3d 436, 437 (5th Cir. 1995); *Jennings v. McCormick*, 154 F.3d 542, 545 (5th Cir. 1998); *Littleton v. Passmore*, 89 F. App'x 471 (5th Cir. 2004).

Mr. Van Stry confirmed that he was waiving his right to a jury trial on all issues pertinent to the award of statutory damages. Dkt. No. 63. In the alternative, Mr. Van Stry stated that "[i]n the event that Defendant, Mr. Travis Robert McCrea, fails to similarly waive his right to a jury trial, Plaintiff modifies the amount of statutory damages he seeks to be the minimum allowed, $750 per work, or $9,000 total . . . ." *Id.* Mr. McCrea did not file a response.

## II. Remedy

### A. Statutory Damages

Given Mr. McCrea's pro se status and the importance of the jury right, I cannot conclude that his silence is a knowing and voluntary relinquishment of his right to a jury trial. *See, e.g.*, *3D Glob. Sols., Inc. v. MVM, Inc.*, 754 F.3d 1053, 1056 (D.C. Cir. 2014).[1] Normally, that would preclude me from entering an award on the issue of statutory damages. *See Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 355 (1998).

The right to a jury trial on statutory damages, however, does not apply when the plaintiff seeks an award limited to the statutorily guaranteed minimum amount. *BMG Music v. Gonzalez*,

---

[1] Although Mr. McCrea did not make a demand for a jury trial, he was entitled to rely on Plaintiff's timely and valid jury demand. *Littleton*, 89 F. App'x at 471; *Bennett v. Pippin*, 74 F.3d 578, 586–87 (5th Cir. 1996).

430 F.3d 888, 892–93 (7th Cir. 2005); *Simpleville Music v. Mizell*, 451 F. Supp. 2d 1293, 1300 (M.D. Ala. 2006); *Cynthia Hunt Prods., Ltd. v. Evolution of Fitness Houston Inc.*, No. CIV.A. H-07-0170, 2007 WL 2363148, at *6 n.1 (S.D. Tex. Aug. 16, 2007).

Here, Mr. Van Stry stipulated that he would limit his request for statutory damages to $750 per work if Mr. McCrea did not waive his right to a jury trial. That is the minimum amount guaranteed by section 504(c) of the Copyright Act, absent certain circumstances that neither party has contended are present in this case. And Mr. McCrea has conceded that an award of $750 in statutory damages per copyrighted book is appropriate. Dkt. No. 54, at 1 ("As per the Copyright Act 504(c)[,] the minimum a work can be worth is $750 and it's the defence's contention that if summary judgment is issued, the works be valued at such a rate.").

I will therefore enter an award of $750 in statutory damages per copyrighted book for a total of $9,000.

### B. Permanent Injunction

In addition to requesting statutory damages, Mr. Van Stry requests that I enter a permanent injunction to prevent further infringement by Mr. McCrea and his agents.

Under the Copyright Act, a court is authorized to grant a permanent injunction "on such terms as it may deem reasonable to prevent or restrain" further infringement of a copyright. 17 U.S.C. § 502(a). Such relief, however, does not automatically issue upon a finding of liability. In order to obtain a permanent injunction, a plaintiff must demonstrate

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *Merritt Hawkins & Assocs., L.L.C. v. Gresham*, 861 F.3d 143, 157 (5th Cir. 2017). Mr. Van Stry contends that all four of those

requirements are satisfied in this case. Mr. McCrea does not contest that the four requirements are satisfied. I have reviewed Mr. Van Stry's arguments and agree that a permanent injunction is warranted.

First, Mr. Van Stry has presented evidence that infringement harms his competitive position on Amazon and, if continued in the future, could impede his writing career. Perhaps more importantly, as Mr. Van Stry notes, Mr. McCrea's statements and conduct during this litigation indicate the monetary damages may well be uncollectable. I therefore agree that Mr. Van Stry has suffered and will continue to suffer irreparable harm, and that monetary damages are inadequate in this case. *z4 Techs., Inc. v. Microsoft Corp.*, 434 F. Supp. 2d 437, 440 (E.D. Tex. 2006); *Aspen Tech., Inc. v. M3 Tech., Inc.*, 569 F. App'x 259, 273 (5th Cir. 2014).

To be sure, Mr. McCrea has stated that he has taken down the website he was operating and has "no intention to reinstate" that website. Dkt. No. 57. But "[v]oluntary cessation of the challenged conduct does not render a case moot unless it can be said with assurance that there is no reasonable expectation . . . that the alleged violation will recur and interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Oracle USA, Inc. v. Rimini St., Inc.*, 783 F. App'x 707, 710 (9th Cir. 2019) (internal quotation marks and citations omitted). In light of Mr. McCrea's past conduct and statements he has made during this case, the Court finds Mr. McCrea's conclusory assertion insufficient to meet his heavy burden of persuading "the court that the challenged conduct cannot reasonably be expected to start up again." *Id.* (internal quotation marks and citations omitted).

Next, the balance of hardships favors an injunction. In his opposition, Mr. McCrea does not claim that he would face any hardships as a result of an injunction. He was also asked in an interrogatory whether he would face any hardship if he was forced to cease the accused activities,

but he did not answer that interrogatory. There is, therefore, no evidence that Mr. McCrea would face any hardship as a result of an injunction. I find that an injunction would not burden Mr. McCrea beyond requiring him to comply with the law. *Malibu Media, LLC v. Escobar*, No. CV H-18-1042, 2019 WL 1003391, at *4 (S.D. Tex. Feb. 28, 2019); *Dish Network, L.L.C. v. Del Carmen*, No. SA-19-CV-01171-DAE, 2020 WL 1227311, at *7 (W.D. Tex. Mar. 13, 2020). But Mr. Van Stry, as noted, has suffered and would continue to suffer if Mr. McCrea should continue his infringing activities free of the restraint imposed by an injunction.

Finally, the public interest would not be disserved by an injunction. The public receives a benefit when the legitimate rights of copyright holders are vindicated. *Apple Inc. v. Psystar Corp.*, 673 F. Supp. 2d 943, 950 (N.D. Cal. 2009); *Escobar*, 2019 WL 1003391, at *4; *Del Carmen*, 2020 WL 1227311, at *7; *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 898 F. Supp. 1183, 1196 (N.D. Tex. 1995). Mr. McCrea has not identified any other competing public interests.

Accordingly, each factor supports Mr. Van Stry's entitlement to relief. I will therefore grant Mr. Van Stry's motion for a permanent injunction. Mr. McCrea[2] will be permanently and immediately enjoined from:

Copying, reproducing, or distributing, either directly or vicariously, plaintiff's copyrighted works, whether now in existence or hereafter created, without the authorization of the copyright owner, including:

Portals of Infinity: Book One: Champion for Hire

Perfect Strangers

Portals of Infinity: Kaiju

---

[2] Federal Rule of Civil Procedure 65(d)(2) will govern the full scope of the persons bound by the permanent injunction.

 Portals of Infinity: Book Two: The God Game

 Portals of Infinity: Book Three: Of Temples and Trials

 Portals of Infinity: Book Four: The Sea of Grass

 Portals of Infinity: Book Five: Demigods and Deities

 Portals of Infinity: Reprisal

 When It Falls

 Stand On It

 Black Friday

 Over Our Heads

 **C. Costs**

 Finally, Mr. Van Stry contends that the Court should award him full costs, including attorney's fees. Mr. McCrea does not object to the award of costs.

 Section 505 of the Copyright Act provides that "the court in its discretion may allow the recovery of full costs by or against any party." 17 U.S.C. § 505. "Congress has specified six categories of litigation expenses that qualify as 'costs.'" *Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873 (2019) (citing 28 U.S.C. §§ 1821, 1920). Section 505 of the Copyright Act also provides the Court may "award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505.

 I agree with Mr. Van Stry that costs, including attorney's fees, are warranted in this case. In analyzing a request for attorney's fees in a copyright case, courts have considered several factors, including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Virgin Records Am., Inc. v. Thompson*, 512 F.3d

724, 726 (5th Cir. 2008) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)); *see also Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016). A court "should give substantial weight to the objective reasonableness of the losing party's position," but "must also give due consideration to all other circumstances relevant to granting fees; and it retains discretion, in light of those factors, to make an award even when the losing party advanced a reasonable claim or defense." *Kirtsaeng*, 136 S. Ct. at 1983. "Objective unreasonableness is generally used to describe claims that have no legal or factual support." *Geophysical Serv., Inc. v. TGS-NOPEC Geophysical Co.*, No. CV H-14-1368, 2020 WL 821879, at *3 (S.D. Tex. Feb. 19, 2020) (citations and quotation marks omitted).

Mr. McCrea's positions in this case have been distinctly lacking in both legal and factual support, and Mr. Van Stry has prevailed on all his claims. Moreover, Mr. McCrea's lack of diligence in this case and his conduct during discovery have unnecessarily extended the proceedings and have driven up the costs of the litigation for Mr. Van Stry. And Mr. McCrea's actions resulting in this lawsuit were willful, not innocent. Indeed, Mr. McCrea has said that he did "not care if the website was illegal and would do it either way." Dkt. No. 32, at 4.

Considerations of compensation and deterrence also favor an award of attorney's fees. Mr. Van Stry has experienced significant and sometimes unnecessary litigation expenses in maintaining this lawsuit. Without compensation for incurred attorney's fees, persons in Mr. Van Stry's position would likely not be motivated to pursue meritorious claims. On the other side of the ledger, if fees are not assessed against willful infringers such as Mr. McCrea, it is likely that they may be tempted to unnecessarily prolong litigation even in the absence of any meritorious defense. Awarding fees in a clear-cut case such as this one does not give rise to any countervailing interests, such as the risk of discouraging others to build on an author's work.

After considering the applicable factors, I conclude that an award of fees is appropriate. I will also award costs. Mr. Van Stry is directed submit affidavits setting forth his costs and attorney's fees within fourteen days of this order. Mr. Van Stry should not include in the affidavit the expenses that were already assessed against Mr. McCrea for work covered by the court's prior, separate sanctions order. *See* Dkt. No. 47, at 14; Dkt. No. 62, at 9. Mr. McCrea will be given seven days to object to the fee request, and if he objects, Mr. Van Stry will be given five days to reply.

IT IS SO ORDERED.

SIGNED this 20th day of April, 2020.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE